## Cascaden's Estate.    Cascaden's Appeal.

[Marked to be reported.]

*Wills—Vested estates—Time of distribution.*

Testator by his will directed his executors to invest the residue of his estate, the income to be paid to his wife, until his youngest child should arrive at the age of twenty-one years.  Testator further directed as follows: " When the youngest child arrives at the full age of twenty-one years then I direct all my said real estate and investments to be converted into money by my executors and divided as follows: I give and bequeath to my wife out of said moneys the sum of fifteen thousand dollars, and all the rest, residue and remainder I direct to be divided among my said children, share and share alike, subject to the deduction which I have before directed to be made, should any of my said children die before the youngest child arrives at the age of twenty-one years leaving children, then the said share shall be divided among said children, share and share alike, or if he or she shall die without leaving children then his or her share shall be divided among the remaining children, share and share alike."  One of testator's daughters married and died, leaving surviving her husband and one child who also died before the youngest of testator's children came of age.  *Held*, that the gift being to testator's children as a class, the gift was contingent upon a child living to the period of distribution, or leaving a child who should live until such period: McClure's Ap., 72 Pa. 414, distinguished.

In this case the child of testator's daughter having died before the period of distribution, the husband took nothing as the heir or next of kin of his child.

Argued Feb. 1, 1893.  Appeal, No. 121, Jan. T., 1892, by James B. Cascaden, from decree of O. C. Montgomery Co., distributing estate of James Cascaden, deceased.  Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Exceptions to report of auditor distributing decedent's estate.

The facts appeared by the opinion of the Supreme Court.

The auditor, Montgomery Evans, Esq., held that Annie M. Maurise had a vested interest in her deceased father's estate, and awarded $4,042.18 to Antone Maurise, administrator of Annie M. Maurise. Exceptions to the auditor's report were dismissed in an opinion by SWARTZ, P. J.

*Errors assigned* were (1–4) in dismissing exceptions, quoting them; (5) in not decreeing whole balance to living children of testator; (6) in holding that Annie M. Maurise had vested interest.

*Charles Hunsicker*, for appellants.—The rule is when a contingency is annexed to the substance of the gift, and not merely to the time of payment, the legacy is contingent: Seibert's Ap., 13 Pa. 501.

The corpus of this estate was not distributable until the youngest child came of age, and the other children were only to inherit in case they were then alive. There was therefore no vesting in Mrs. Maurise because she could only inherit in case she was living at the period fixed: Williamson v. Field, 2 Sandf. Ch. 533; Abbott v. Jenkins, 10 S. & R. 296; Bennett v. Morris, 5 Rawle, 1; Waddell v. Rettew, 5 Rawle, 231; Dunwoodie v. Reed, 3 S. & R. 435; Commonwealth Title Ins. Co., 24 W. N. 35; McBride v. Smyth, 54 Pa. 245; List v. Rodney, 83 Pa. 483; Reichard & Holmes' Ap., 116 Pa. 246.

*William W. Porter* and *Louis M. Childs, Frederick J. Geiger* with them, for appellee.—The interests of the children of James Cascaden were vested at the time of his decease: McClure's Ap., 72 Pa. 414; Manderson v. Lukens, 23 Pa. 31; Letchworth's Ap., 30 Pa. 175; Williamson v. Field, 2 Sandf. Ch. 533; Passmore's Ap., 23 Pa. 381; Rewalt v. Ulrich, 23 Pa. 388; Womrath v. McCormick, 51 Pa. 504; McClure's Ap., 72 Pa. 414; Crawford v. Ford, 7 W. N. 532; DePeyster v. Clendining, 8 Paige, 295; Laguerenne's Est., 12 W. N. 110. Mrs. Maurise's child had a vested interest.

OPINION BY MR. CHIEF JUSTICE PAXSON, February 13, 1893:

The will of James Cascaden, after giving certain pecuniary legacies, which do not concern this case, directs that all the rest, residue and remainder of his personal estate shall be invested by his executors in such good and reliable securities as

they may approve, the income from which, and the income from all his real estate he gives to his wife, Mary Jane, until his youngest child shall arrive at the age of twenty-one years, for the support of herself, and the support and education of each of his minor children, during his or her minority. The will then further provides:

"Item. As each child arrives at the age of twenty-one years he or she shall receive the sum of one thousand dollars which I direct my executors to collect by sale of a sufficient amount of said investments or otherwise and pay over and charge the same against the final account of each.

"When the youngest child arrives at the full age of twenty-one years then I direct all my said real estate and investments to be converted into money by my executors and divided as follows: I give and bequeath to my wife out of said moneys the sum of fifteen thousand dollars, and all the rest, residue and remainder I direct to be divided among my said children, share and share alike, subject to the deduction which I have before directed to be made, should any of my said children die before the youngest child arrives at the age of twenty-one years leaving children, then the said share shall be divided among said children, share and share alike, or if he or she shall die without leaving children then his or her share shall be divided among the remaining children, share and share alike."

The contention in this case arises in the following manner: Annie M. Cascaden, one of the testator's children, intermarried with Antone Maurise, and died January 6, 1884, leaving surviving, her husband and one child, Annie Maurise, who was born December 31, 1883, and died in Philadelphia, in June, 1885. Mrs. Maurise was of legal age at the time of her death. The youngest child of the testator came of age on June 23, 1888. It thus appears that both Mrs. Maurise and her daughter, Annie, died prior to the time fixed by the testator for the distribution of his estate. Letters of administration upon the estate of Annie M. Maurise, the younger, were granted by the register of wills of Philadelphia to her father, Dr. Antone Maurise on October 13, 1891. The latter now claims as heir or next of kin to his child the share which the mother would have been entitled to, had she lived until the period of distribution had arrived. The learned court below awarded the

share to him as administrator, upon the ground that each of the children of the testator took a vested interest in the estate, and that the interest of his daughter, Annie, having vested, descended to her daughter under the intestate laws.

In cases of doubt the law favors the vesting of an estate at the earliest possible time where it does no violence to the expressed intention of the testator. Letchworth's Appeal, 30 Pa. 175; McClure's Appeal, 72 Id. 414. The latter case was strongly pressed upon our attention as decisive of this question. It is conceded that its facts in most respects closely resemble those in the case in hand. In that case the testator directed the residue of his estate, if any, remaining after the death of his wife, to be equally divided between his nephews and nieces, individuating them by their names, and declaring that each is to have an equal share. It was said in the opinion of the court: " The gift is to his nephews and nieces, not as a class, but by name as individuals, without words of survivorship, and with no bequest over, in the event of their death, in the life of the widow." Herein that case differs from the one in hand. In the latter the testator does not individuate his children and give each one a share by name. In fact, the names of his children are nowhere mentioned in the will. The gift to them is to a class, and the distribution is to be made among them share and share alike, when his youngest child shall arrive at the age of twenty-one years, and the share of such child as shall die before that period, without leaving children, shall be divided among the remaining children, share and share alike. It is obvious that had Mrs. Maurise died prior to the distribution without leaving children, her share would have gone to the surviving brothers and sisters under the terms of the will. But it was contended that because she left a child surviving her, her interest in the estate vested in her, descended to and vested in her child. Had this child lived until the period of distribution, there can be no doubt she would have been entitled to her mother's share. As she died before that time, to hold that she is entitled to her mother's share, is to accord to her a higher estate than her mother possessed. The estate of the latter was contingent upon her living until the youngest child came of age. Upon her death her interest passed to her child, but no higher interest passed than the mother possessed. The

daughter was substituted for the mother. She stands in her mother's shoes, and whatever would defeat her mother's estate must necessarily defeat her estate. Had she lived, as before observed, she would have been entitled to the mother's share upon distribution. The provision in the will, in regard to any of the testator's children dying and leaving children surviving, means children surviving at the time of distribution. Were it otherwise, the testator's grandchildren would take a higher and better estate than the one he gave his own children. We cannot impute such an intent to him, nor do we think it can be fairly gathered from the language of the will.

We have examined with care the numerous authorities cited by counsel on either side of this question, and fail to find any one of them that distinctly rules this case. For this reason we have not discussed them.

We are of opinion that the whole balance of the estate should have been awarded to the children of the testator who were living at the date when the youngest child came of age.

The decree is reversed at the costs of the appellee, and the record remitted with instructions to make distribution in accordance with this opinion.