## McBride's Estate. St. John's Orphan Asylum's Appeal.

*Will—Trust for accumulation—Period of distribution.*

Testator by will four years before his death gave to a trustee a fund for the use of three children of his son, John McBride, naming them, " and such other children lawful issue which he may have, the said sum to accumulate until the youngest surviving of these children shall have attained the age of twenty-one years." *Held,* that the words " the youngest surviving of these children " referred to the children of John named in the will, and living at the time of its execution, and that the persons entitled to the fund at the time of distribution were the children of John or their issue living when the youngest survivor of the three children mentioned in the will attained the age of twenty-one years.

Such a construction saves the will from transgressing the act of April 18, 1853, P. L. 503, limiting the period of a trust for accumulation to twenty-one years after the death of the testator.

*Conditional gift—Absence of specific finding.*

A gift was made by will to several persons, provided that at the time of distribution they should be members of a religious denomination, and if any were not members their shares were to be equally divided among those who were members, and if none of them were members then a fund was given to a charity. The auditing judge did not specifically find that any of the children to whom distribution was made were members of the church. It was not denied in the exceptions filed in the orphans' court, or in the specifications of error, that the distributees were members of the church. *Held,* that the decree of distribution should not be reversed because the auditing judge failed to find as a fact that the distributees were members of the church.

Argued Jan. 26, 1892.   Appeal, No. 96, Jan. T., 1892, from decree of O. C. Phila. Co., Jan. T., 1887, No. 13, distributing estate of Patrick McBride, deceased.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ

Adjudication of account of Real Estate Title Insurance & Trust Company, trustee.

The facts were found by the auditing judge as following, in an opinion by PENROSE, J.:

"By his will, proved Sept. 19, 1868, Patrick McBride provided, inter alia, as follows:

"'I give devise and bequeath unto my son Joseph Augustine McBride his heirs executors administrators and assigns the eighteen shares of stock in the Farmers' and Mechanics' Bank of the city of Philadelphia in trust nevertheless for and upon the uses intents and purposes hereinafter limited declared and contained of and concerning the same for no other use intent or purpose whatsoever that is to say, that the said Joseph Augustine McBride his heirs executors administrators and assigns shall and will receive the dividends which from time to time may be declared upon the said shares and invest the same in additional shares of the said stock for the use of Charles Joseph McBride, Catharine Philomena McBride and Francis Aloysius McBride children of my son John McBride and such other children lawful issue which he may have, the said sum to accumulate until the youngest surviving of these children shall have attained the age of twenty-one years at which time it is my will that the said shares be sold and the proceeds of the same be paid in equal shares to the said Charles Joseph, Catharine Philomena and Francis Aloysius McBride children of my son John McBride and such other children lawful issue which he may have.   Provided that they the said children shall have been brought up and are at the time members of the Roman Catholic Church and should either of the said children have not been so brought up and be not at the time a member of the said church then the share or shares which it is my will should be received by the said child or children shall be equally divided between those of them who have been so brought up and are at the time members of the said church.   And should only

one of said children have been brought up as and continues to be a member of the said church in such case it is my will that the entire sum be paid to the said child and should either of the said children having been brought up a member of said church and having died a member thereof before the time hereinbefore specified for the division distribution and payment of this bequest having a child or children lawful issue being brought up in the doctrine of the said Roman Catholic Church such child or children it is my will shall be entitled to receive such share or shares as the parent or parents would have been entitled to receive if then living.

" ' Provided further that should neither of the said children have been brought up in membership of said church or having been so brought up should have all died without lawful issue before the time specified for the division and distribution and payment as hereinbefore set forth—then in such case it is my will that the entire proceeds from the sale of these shares of stock no matter how large the amount to which it may have accumulated be given to the managers of the Saint John's Orphans' Asylum (a Roman Catholic institution for male orphan children located in the Twenty-fourth ward of the city of Philadelphia) for the support and maintenance thereof.'

" The residue of the estate, after a legacy of $350 to the wife of the testator, was given, one third to his said wife, Mary Ann McBride, and two thirds to his children, Francis P., Joseph Augustine, and Mary Ann McBride (his son John being excluded), in equal shares.

" The will was executed July 23, 1864, at which time Charles J., Catharine P., and Francis A. McBride, the only children of John then born, were respectively about seven, five, and three years of age; Francis afterwards died at the age of eight years. After the testator's death, as represented, three other children were born, viz.: John, now twenty-three years of age; Caroline, now fifteen years of age, and Helen, now in her thirteenth year. John McBride, the father of these children, is now, as represented to the court, sixty-three years old, and his wife, Mary A. McBride, sixty years old. Joseph Augustine McBride, the trustee named in the will, died in 1886, and the present accountant, the Real Estate Title Insurance and Trust Company, was then appointed in his place. . . . The ac-

count is of the stock held under the trust so created, and it
has been filed at the instance of Charles J. and John P. Mc-
Bride, claiming that the trust has ceased and that the estate is
now distributable.

"The general rule in case of a legacy to the children of a
designated person is that it shall not extend to after-born chil-
dren, but where it is given with any suspension of the time so
as to make the gift take place at a future period, then such
children shall take as are living at that period (Singleton v.
Gilbert, 1 Cox, 63); and hence if the distribution is to be
made when all attain the age of twenty-one, or when the
youngest attains the age of twenty-one, all, whenever born,
may be admitted: Hughes v. Hughes, 3 Bro. C. C. 434; 14
Vesey, 256. A more restricted rule may be applied, where
by reason of letting in members of the class coming into exist-
ence after the testator's death the limits of perpetuity may be
exceeded or some principle of law violated: Kevern v. Wil-
liams, 5 Sim. 171.

"It is very evident in the present case that the trust for ac-
cumulation, except so far as it may be saved by the contingent
limitation to a charity, is void unless it is confined to a minor-
ity in existence at the testator's death. The act of 1853, un-
like the Thelussen act, does not permit accumulation during
an arbitrary period of twenty-one years, but confines it to an
existing minority, and for the benefit of the minor (Washing-
ton's Estate, 25 Smith, 102; Carson's Appeal, 3 Outerb. 325);
and hence, if 'the youngest child' spoken of in the will is to
be understood as the youngest child of John McBride, when-
ever born, and the accumulation as continuing until he shall
attain the age of twenty-one, not only will the trust be invalid
so far as concerns such accumulations, but as the persons who
are to take are uncertain until the time for distribution, the
accumulations themselves, instead of enuring to the benefit of
the children of John, will, under the authorities, go to the
residuary legatees to their entire exclusion: Ellis v. Maxwell, 3
Beav. 587; Gray on Perp. § 704, etc. And not only this, but
as the law contemplates the possibility of the birth of issue, no
matter what may be the age of the parents, no distribution of
the principal could be made until the death of John McBride,
because until then it could not be known that any of his liv-

ing children would be the 'youngest.' The inconvenience thus arising would, of course, be of no consequence if the testator's meaning is clear and unequivocal, but it is not to be lost sight of in construing the will and in determining the meaning of what he has said. See Bonaffon's Estate, 14 W. N. 501. A construction which will satisfy the language used without leading to absurd or inconvenient results is to be preferred, still more so if the opposite construction will defeat the will altogether, and divert the bounty of the testator from those whom he manifestly intended to benefit, and give it to persons whom he thought he had already sufficiently provided for. Kevern v. Williams, supra; Bonaffon's Estate, supra; Gray on Perp. § 633.

" Before recurring to the language of the will with regard to the time of distribution, it is proper to consider how far the trust for accumulation is preserved by the limitations to the Orphan Asylum in the event of the death of the grandchildren or their ceasing to be connected with the Roman Catholic Church.

" The act of 1853 forbids accumulation except for the benefit of an existing minority, but with this qualification : 'Provided, That any donation, bequest, or devise for any literary, scientific, charitable, or religious purpose shall not come within the prohibition of this section.' Literally, this would apply to contingent no less than vested gifts for the excepted purposes, but the act is a remedial one, and is to be interpreted so that the mischief may be suppressed and the remedy made effectual. It is to be construed in a manner that will 'supresse subtill inventions to creepe out of the statutes' (Co. Litt., 230, a. b.) ; and unless the proviso be confined to direct gifts for charitable, etc., purposes, it is clear that all that would be necessary to prevent its operation in any case would be to insert in the will directing an accumulation for any period, within the limits of the rule against perpetuities, a provision that if all persons for whom it was intended should be then dead, the fund with its increase should go for religious or charitable or literary purposes. The act only excepts gifts of the character referred to where religious, charitable, or literary use is the sole and exclusive purpose of the accumulation. Anything beyond this would defeat the operation of the statute, which must, therefore, be understood accordingly.

" The will was executed, as already stated, four years before the death of the testator. The gift is for 'the use of Charles Joseph McBride, Catharine Philomena McBride, and Francis Aloysius McBride, children of my son John McBride, and such other children, lawful issue, which he may have, the said sum to accumulate until the youngest surviving of these children shall have attained the age of twenty-one years.' This may mean 'such other children' as the son may have in the lifetime of the testator; such other children as he may have at any time while he lives; or such other children as he may have before the time of distribution. If it is to be understood as confined to children born during the lifetime of the testator, the three who have since been born must be excluded. If it is to be understood as including all who may by possibility be born in the son's lifetime, the trust for accumulation fails altogether, the accumulations pass to the residuary legatees, and the grandchildren get not even a share of the principal until the death of their father. But, it will be observed, the period of distribution is not 'when the youngest child' who may be born to the son shall have attained the age of twenty-one years, but 'when the youngest of these.' What is meant by 'these?' The names of the children then in being had just been mentioned by the testator, and the words which follow were words of general description merely. The word 'these' may refer to the designated children or it may refer to the whole class. In the former case the intention of the testator will be in accordance with the law, and may be fully carried into execution; in the latter it fails utterly. We are warranted, therefore, under the authorities referred to, in adopting the former as the proper construction. *Benignæ faciendæ sunt interpretationes propter simplicitatem laicorum ut res magis valeat quam pereat.*

" Of the three children thus referred to by the testator, Catharine, the youngest survivor, attained the age of twenty-one in 1880. This was the time for distribution, and the class of distributees was then closed, no after-born child being capable of taking (Hoste v. Pratt, 3 Vesey, 730; Picken v. Matthews, 10 Ch. Div. 264; Gray on Perp. § 379), though all born before then are. This will include John, Caroline, and Helen.

" Further authorities upon the subject of gifts of this description are Pemberton v. Parke, 5 Bin. 607; Gross' Estate, 10

Barr, 360; Jenkins v. Fryer, 4 Paige Ch. 47; Butler v. Lowe, 10 Simons, 317; Tucker v. Harris, 5 Id. 538; Myers v. Myers, 2 McCord, 256; Swinton v. Legarge, Id. 440, 444, 445."

The auditing judge awarded the fund in equal shares to Charles J. McBride, Catharine P. McBride, John McBride, Jr., Caroline McBride, and Helen McBride.

The following exceptions were filed by appellants:

" 1. The learned judge erred in deciding that the trust for accumulation is not preserved by reason of the bequest to St. John's Orphan Asylum. [3]

" 2. The learned judge erred in deciding that the word 'these' in the will of the testator referred to Charles Joseph McBride, Catharine Philomena McBride, and Francis Aloysius McBride only. [4]

" 3. The learned judge erred in deciding that the period of distribution of principal was when the youngest of these three children named attained the age of twenty-one years. [5]

" 4. The learned judge erred in not deciding that the period of distribution is when the youngest child who may be born to the son shall have attained the age of twenty-one years. [6]

" 5. The learned judge erred in ordering distribution of the accumulations of the trust estate (beyond the period provided in the act of 1853) to the grandchildren. [7]

" 6. The learned judge erred in ordering distribution of the principal of the trust estate. [8]

" 7. The learned judge does not find that the grandchildren of the testator to whom he awards distribution of the principal and accumulations are members of the Roman Catholic Church." [9]

The exceptions were dismissed, and exceptants appealed.

*Errors assigned* were (1) in confirming the adjudication; (2) in awarding distribution in accordance with the adjudication; (3–9) in dismissing the exceptions, quoting them.

*J. Howard Gendell*, with him *A. A. Hirst, Emil Rosenberger* and *Joseph Mason*, for appellants.—The gift to testator's grandchildren, children of John, includes all those living at the time of distribution: Coggins's Ap., 124 Pa. 10. The law recognizes the possibility that there may yet be children: List v. Rodney, 83 Pa. 483; Jee v. Audley, 1 Cox, 324; Sayer's Trusts, L. R. 6 Eq.

319; Porter v. Fox, 6 Simons, 485; Fosdick v. Fosdick, 88 Mass. 41; 2 Jarman on Wills, ed. 1880, pp. 719, 720. A decree is conclusive of all questions involved whether actually presented or not: Myers v. Kingston Coal Co., 126 Pa. 582; 2 Sm. L. Cas., 7th Am. ed., 789, 790, 8th ed., 921; Freeman on Judgments, 3d ed., § 178; Beloit v. Morgan, 7 Wallace, 619; Aurora City v. West, 7 Wallace, 85; Girard's Ap., 4 Penny. 347; Vidal v. Girard's Exrs., 2 Howard, 127. Unless living at the time they do not come within the words of the gift: McBride v. Smith, 54 Pa. 245; Coggins's Ap., 124 Pa. 10; Mergenthaler's Ap., 15 W. N. 441; List v. Rodney, 83 Pa. 491; Provenchere's Ap., 67 Pa. 463; Pleasonton's Ap., 99 Pa. 362; Lumbermen's Nat. Bank's Ap., 13 W. N. 191. The act of 1853 applies as well to contingent as to executed gifts: Curran's Ap., 4 Penny. 331; Biddle's Ap., 99 Pa. 288; Buzby's Ap., 61 Pa. 111.

*Horace M. Rumsey* and *F. Carroll Brewster*, for appellee, cited Etter's Est., 23 Pa. 381; Riehle's Ap., 54 Pa. 99; Buzby's Ap., 61 Pa. 111; Bonaffon's Est., 14 W. N. 501; Leach v. Leach, 2 Y. & C. 495; Elliott v. Elliott, 12 Simons, 276; Branstrom v. Wilkinson, 7 Vesey, Jr. 421; Lauguerenne's Est., 12 W. N. 110; Crawford v. Ford, 7 W. N. 532; Jenkins v. Freyer, 4 Paige, 53; Collins v. Collins, 45 Am. Dec. 420; Pemberton v. Parke, 5 Bin. 611; Myers v. Myers, 2 McCord, 256; Hillyard v. Miller, 10 Pa. 326; Phila. v. Girard, 45 Pa. 26; Yard's Ap., 64 Pa. 95; Jocelyn v. Nott, 44 Conn. 55; 1 Herman on Estoppel, ed. 1886, § 27.

OPINION BY MR. JUSTICE McCOLLUM, January 3, 1893:

It appears from the appellee's paper book and from the undisputed statement of their counsel on the argument at bar, that the only objection made to their claim before the auditing judge was that the time for the distribution of the trust fund had not arrived. It is not denied in the exceptions which were dismissed by the orphans' court in banc, or in the specifications of error filed in this court, that the appellees are members of the Roman Catholic Church, but it is contended that inasmuch as this conceded fact does not specifically appear in the adjudication the decree should be reversed. If it be true, as now intimated by the counsel for the appellant in their his-

tory of the case, that some of the appellees do not answer the
testator's description of the persons entitled to share in the
distribution, it is a matter which affects not the St. John's
Orphan Asylum, but the other appellees, because by the terms
of the will such grandchildren as answer that description at
the time of distribution take the whole fund.   If one of the five
grandchildren to whom the trust fund was awarded was quali-
fied to receive it the claim of the appellant is as effectually de-
feated as if all were qualified.   If on the other hand all of the
appellees are now incompetent to share in the distribution, it is
difficult to understand why the appellant resists a construction
which would give it the fund it is so anxious to appropriate to
its own uses.   We conclude in view of the concession on the
audit, the attitude of the appellant on the question of construc-
tion and the absence of even a suggestion that all the grand-
children are disqualified, that the ninth specification requires
no further consideration and should be dismissed.

The material and controlling question to be considered under
the remaining specifications is whether the learned judge erred
in ascertaining the time appointed by the will for the distribu-
tion of the trust fund.   The conclusion reached by him in a
clear and able opinion was, that the words, " the youngest sur-
viving of these children," refer to the children of John named
in the will and living at the time of its execution, and that the
persons entitled to the fund at the time of distribution are such
of John's children or their issue, as then answer the testator's
description of the primary objects of his bounty.   This construc-
tion gives the fund in equal shares to the five children of John,
now living, and harmonizes best with the obvious purpose of
the testator in the creation of the trust and the disposition of
its principal and accumulations.   It was plainly his intention
that John's children or their issue having the requisite quali-
fications, should have the full benefit of this trust, but it is
clear that they cannot if the construction contended for by
the appellant prevails.   The statutory limit of a trust for ac-
cumulation to take effect at the death of the creator of it is
twenty-one years, and such a trust for any period beyond this
limit is void as to the excess.   Act of April 18, 1853, P. L.
503 ; Brown et al. v. Williamson's Executors, 36 Pa. 338.   A
trust to accumulate until the youngest surviving of the chil-

dren John may have attains the age of twenty-one years is transgressive. It must according to the contention of the appellant continue while John lives, and it may cover a period of twenty-one years after his death. The presumption is that the testator knew and endeavored to comply with the law applicable to the trust he created, and if his will fairly admits of a construction which sustains the trust and gives the proceeds of it to his intended beneficiaries it should be adopted. It was in the light of these principles that the learned auditing judge read and construed the will, and the learned orphans' court in banc approved the adjudication. Is such construction justified by the language of the will and the authorities pertinent to the subject? It sustains and its results are in harmony with the letter and spirit of the trust. If the words " until the youngest surviving of these children shall have attained the age of twenty-one years " refer to the children the testator had previously, in the same paragraph of his will, designated by their names, the time for distribution came when Catharine was twenty-one, because she was the youngest of " these children " who attained that age, and if the words " such other children lawful issue which he may have " mean such other children as John may have at that time, the adjudication is right. We think this construction is fairly warranted by the authorities referred to in the opinion of the learned auditing judge, and that by it effect is given to the manifest intention of the testator. As it terminates the trust and is decisive against the claim of the appellant, we need not discuss the matters which are merely incidental, further than to say that the appellees are not estopped by the petition under which The Real Estate, Title, Insurance and Trust Company was appointed trustee from now asserting their claim to the trust fund.

Decree affirmed and appeal dismissed at the cost of the appellant.