Estate of Catharine H. Siddall, deceased. Appeal of Annie W. Kratz.

$\frac{180}{35 \text{ SC}} \begin{array}{c} 127 \\ \text{-189} \end{array}$

*Will—Perpetuities—Vested estate—Trusts and trustees.*

A will gave an estate to executors in trust to pay the net income to the daughters for life with direction that "at their decease" it shall "be equally divided among their children who may be then living, and the issue of any deceased child or children, whether herein named or not, as they arrive at the legal age." *Held*, (1) that the estates to the grandchildren vested at the expiration of the estates given to the daughters; (2) that the will created no perpetuity; (3) that the trust should be preserved for the protection of the future interests.

Argued Jan. 20, 1897.  Appeal, No. 202, Jan. T., 1896, by
Annie W. Kratz, from decree of O. C. Phila. Co., dismissing
exceptions to adjudication.  Before STERRETT, C. J., GREEN,
WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Af-
firmed.

Exceptions to adjudication.

From the record it appeared that decedent died on July 21,
1894, leaving two daughters, Mary C. Davis and Annie W.
Kratz.  The material portion of the will is as follows :

" Seventh.—All the rest, residue and remainder of my estate,
whether real, personal, or mixed, I give and bequeath unto my
executors hereinafter named, to have and to hold the same, in
trust nevertheless to invest the same, and keep invested, and to
collect and receive the income, rents, issues and profits thereof,
and after paying all proper charges, to pay said income, rents,
issues and profits unto my two daughters, to be divided equally
between them, share and share alike, viz : Mary C. Davis, wife
of W. Harmer Davis, of Frazer, Chester County, State of Penn-
sylvania, and Annie W. Kratz, wife of Cornelius T. Kratz, of
Montgomery County, Pennsylvania, during the term of their
natural lives, and at their decease, to be equally divided among
their children, who may then be living, and the issue of any
deceased child or children, whether herein named or not, as they
arrive at legal age."

The auditing judge directed that the balance of the estate
amounting to $15,035.49 should be held in trust by the account-
ants, the Philadelphia Trust, Safe Deposit and Insurance Com-
pany who were the executors and trustees under the will.

Exceptions to the adjudication were then dismissed.  PEN-
ROSE, J., filing the following opinion :

If the disposition which the testatrix has made of her estate
at the death of her daughters infringes the rule against perpetu-
ities, it would, of course, be invalid ; and as the daughters, it is
said, are themselves the only persons to whom the estate would
go under the intestate laws, it would follow that they would
thus become entitled to an absolute estate in reversion in the
real and personal property held in trust for them, under the
will, for life ; and hence, the sole purpose of the trust being

to sustain future interests which have failed, the life estates would merge in the reversionary interests, and the daughters have the right to present possession of the legal estate: Culbertson's Appeal, 76 Pa. 145; Sharpless's Estate, 151 Pa. 214; Oldmixon's Appeal, 147 Pa. 229 etc.

The limitations are void unless the estates given must vest within twenty-one years, etc., after the end of a life or lives in being at the death of the testatrix; and since the question of perpetuity depends upon possibilities, not actual results as they may be manifested at the termination of the life estates, it must be decided now. Is there in this case any infringement of the rule? The will gives the estate to the executors in trust to pay the net income to the daughters for life, with direction that "at their decease" it shall "be equally divided among their children who may be then living, and the issue of any deceased child or children, whether herein named or not, as they arrive at legal age." Whether the division at the death of the daughters is, in terms, of the principal of the estate or of income only, is immaterial—a gift of income for an unlimited period is the equivalent of a gift of the estate from which it issues: Garret v. Rex, 6 Watts, 14; Pennsylvania Co.'s Appeal, 83 Pa. 312; Sproul's Appeal, 105 Pa. 438. The real question is, When does the gift take effect? The answer to this is found in the express provision of the will that the division is to be "at the decease" of the daughters, among their children then living and the issue of any (then) deceased child or children. It is contended, however, that the subsequent words "as they arrive at legal age" must be understood as deferring the vesting of the interests until such arrival, and as this might not occur within the limits of the rule, the gift falls as being in contravention of it. But the direction as to the time of the division is explicit, and no rule of construction requires that controlling effect shall be given to the words relied upon to defeat the direction. On the contrary, they are to be understood simply as indicating the time of payment and not in a sense which would render the previous provision meaningless and nugatory. Where no violence is done to the words of a testator, a construction which sustains a will and prevents an intestacy—either as the result of a failure to dispose, or by reason of the alleged illegality of the disposition—is to be preferred

to one that makes it invalid: Gray on Perpetuities, sec. 633. See also McBride's Estate, 152 Pa. 192; Ferry's Appeal, 102 Pa. 207; Striewig's Estate, 169 Pa. 61; Ashhurst's Estate, 17 W. N. 538; Stivers' Estate, 21 W. N. 335, etc. Of course, if the will contained a limitation over in case of the failure of issue of the tenant for life to attain full age, as in Seibert's Appeal, 13 Pa. 501, the construction would be different—the question in such case not being affected by the rule which seeks to avoid intestacy or invalidity; but, as was said in McClure's Appeal, 72 Pa. 415, and in many other cases, if the limitation is by way of remainder after a life estate, and the arrival of the time of payment is not absolutely necessary before the gift can attach in the legatee, it will be regarded as vested with postponement of payment only; vesting rather than contingency being favored, and doubts being resolved in its favor. Upon this point see further, Judge SHARSWOOD's remarks in Provenchere's Appeal, 67 Pa. 466. We think the estates in the present case will vest at the expiration of the estates given to the daughters, and that the will creates no perpetuity. The trust, therefore, must be preserved for the protection of the future interests.

We are also of opinion that the commissions allowed to the accountant would not be excessive, in view of the size of the estate, even if the trust should be inoperative. See Eshleman's Appeal, 74 Pa. 42.

The exceptions are dismissed and the adjudication confirmed absolutely.

*Errors assigned* were in dismissing exceptions to adjudication.

*C. Tyson Kratz*, for appellant.—The will created a perpetuity: Gray on Perpetuities, 629; Coggin's App., 124 Pa. 10; Davenport v. Harris, 3 Gr. 164; Perry on Trusts, sec. 383; Hawkins on Wills, 226; Moore v. Smith, 9 W. 403; Smith on Executory Interests, 281; Knight v. Knight, 2 Simons & Stewart, 490; McBride v. Smyth, 54 Pa. 245; 2 Jarm. on Wills, 417; McClure's App., 72 Pa. 415; Provenchere's App., 67 Pa. 466; Myer's App., 42 Leg. Int. 5; Ring v. Hardwick, 2 Beav. 352; Theobald on Wills, 495; Leake v. Robinson, 2 Mer. 363; Minnig v. Batdorff, 5 Pa. 503; King v. Crawford, 17 S. & R. 118.

*Rowland Evans* and *R. L. Ashhurst*, for appellee were not heard.

PER CURIAM, February 8, 1897 :

The single specification in this case charges error in dismissing exceptions to the adjudication and confirming the same absolutely. The main question was whether the disposition which testatrix made of her estate at the death of her daughters is violative of the rule against perpetuities. The learned court below in a concise and convincing opinion, to which little, if anything can be profitably added, rightfully held that it is not.

On that opinion the decree is affirmed, and appeal dismissed at appellant's costs.