### DORRANCE v. DORRANCE et al.

(District Court, M. D. Pennsylvania. November 16, 1915.)

No. 212-A.

1. PERPETUITIES ☞4—VESTING OF REMAINDER—RULE AGAINST PERPETUITIES.

The will of a testator made devises of real estate in trust for each of his children in the same language. Each child was given a life estate, with remainder to his or her children, or their issue. A further provision was as follows: "In case of the death of my said son without leaving him surviving any child or children, or the issue of any deceased child or children, then in trust for my other children, share and share alike, and the issue of any deceased child (said issue taking always by representation). Said net rents, profits and income to be paid to my said children for and during their respective natural lives, and upon the death of any such child his or her share of the same shall be paid to his or her children then living and the issue of any deceased child then living (such issue taking always by representation) until the arrival at majority of such child, or if more than one of the youngest of such children, and upon such arrival then in trust to convey the share of its or their parent to such child or children absolutely." *Held* that, construing the will in its entirety in the light of the testator's general intention and purpose to make an equal division between his children and their issue by representation, the words "child" and "children" should be given their plain, or-

dinary meaning, by which they denoted children only, and not "issue," and that as so construed the ultimate remainder in fee vested in any event within the period of a life or lives in being and 21 years thereafter, and the will was not in violation of the rule against perpetuities.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–44; Dec. Dig. ☞4.]

2. WILLS ☞449, 456—CONSTRUCTION—GENERAL RULES.
    In construing a will, it is to be presumed that the terms were used in their plain, ordinary sense, and the whole will is to be construed in such manner as to avoid creating an intestacy, if it can be done without doing violence to the language used.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 965, 974; Dec. Dig. ☞449, 456.]

In Equity. Suit by Estelle Dorrance against Benjamin F. Dorrance and others. Decree for defendants.

Sigmund Zeisler, of Chicago, Ill., and Wm. H. Earnest, of Harrisburg, Pa., for plaintiff.

John G. Johnson, of Philadelphia, Pa., for defendants.

WITMER, District Judge. [1] The plaintiff is the widow of Charles Dorrance, Jr., son of Charles Dorrance, Sr., deceased. The senior Dorrance died on the 18th day of January, 1892, first having made his last will and testament, dated October 14, 1891, duly probated and remaining of record in the office of the register of wills for Luzerne county, this state, wherein and whereby the testator has devised and bequeathed the residue of his valuable real and personal property, after the bequest of certain specific legacies, unto the Pennsylvania Company for Insurance on Lives and Granting Annuities, in trust for the use and benefit of the devisees and legatees mentioned in said will, being children, grandchildren, and issue thereof.

Since then the junior Dorrance died, intestate and without issue, leaving to survive him a widow, who contends that under the contingencies provided by the will of the senior Dorrance, deceased, intestacy has resulted, and that, by reason thereof, his entire estate belongs in equal shares to the heirs at law and next of kin of the testator. It is to recover such interest or portion of the estate of the senior Dorrance as the intestate law entitles her of the share of her husband, in the event of intestacy of the senior Dorrance, that the plaintiff has brought this bill.

The matter to be determined has to do with the several clauses of the testator's will, limiting remainders after the expiration of life estates in certain parcels of real estate devised specifically in trust to testator's five named children, and life estates in personalty bequeathed specifically to testator's five children and one grandchild.

The several clauses of the will thus limiting remainders are worded substantially alike, so that a proper interpretation of one of the clauses and the effect thereof will dispose of the whole controversy. By paragraph 7, subdivision 5, of said will, a certain parcel of real estate is devised in trust to the use and benefit of Charles Dorrance, Jr., for and during his natural life, with remainder over as follows:

"In trust to hold, manage and let all that certain farm situate in Kingston township, Luzerne county, purchased by me from the late Almon Church adjoining lands of the late James Eley and Noah Pettebone and containing about 90 acres of surface (the coal and other minerals being expressly excepted out of this devise), and to collect, recover and receive the rents, profits and income thereof and to pay over the same less expenses to my said son Charles Dorrance, Jr., for and during his natural life, or to allow him at his option to use and occupy the said farm during his natural life, the taxes, assessments and cost of repairs to be paid out of the income of the said farm; and upon the death of my said son, then upon the same trusts for any child or children and the issue of any deceased child living at his death (such issue taking always by representation) until the arrival at majority of such child, or if there be more than one, the youngest of such children, and upon such arrival then in trust to convey said farm to such child if there be but one or to such children if there be more than one as tenants in common, and in case of the death of my said son without leaving him surviving any child or children, or the issue of any deceased child or children, then in trust for my other children, share and share alike, and the issue of any deceased child (such issue taking always by representation). Said net rents, profits and income to be paid to my said children for and during their respective natural lives, and upon the death of any such child his or her share of the same shall be paid to his or her children then living and the issue of any deceased child then living (such issue taking always by representation) until the arrival at majority of such child, or if more than one of the youngest of such children, and upon such arrival then in trust to convey the share of its or their parent to such child or children absolutely, and in no event shall the said estate or the income thereof be liable in any way or manner whatsoever for any of the debts, liabilities or engagements of my said son nor to any attachment, sequestration or execution process or any proceeding in the nature thereof."

On behalf of the plaintiff, it is contended that the words "child" and "children," as shown in the above portion of the will, and as likewise used in other similar clauses, should be given a liberal and broad construction, so as to denote "issue," and that, so construed, the several provisions are void, as violative of the rule against perpetuities. It is argued that if a strict and narrow construction is given to the words "child" and "children"—or being construed literally—then they are self-contradictory, and that, furthermore, other provisions in the will indicate that the testator, by the use of the words "child" and "children," intended to denote "issue."

On behalf of defendants it is contended that the words "child" and "children" were used by the testator in their plain, ordinary sense, intending to denote "child" and "children," and not "issue," and that, so construed, there is nothing contradictory or irreconcilable in the provisions of the will. It is also practically conceded by plaintiff's counsel that, if it was the intent of the testator to use the words "child" and "children" in their literal sense, and not so as to denote "issue," then these limitations are not violative of the rule against perpetuities.

Needless to say, we are governed by the intent of the testator as ascertainable from a perusal of the whole will. Before taking up for consideration the specific clauses and provisions of the will, for the purpose of ascertaining the particular intent of the testator, we will examine the will as a whole, with a view of ascertaining the general intent and purpose—that is to say, the general scheme—of the testator as to the disposal of his property. Thus reading the will, we see that the testator intended to dispose of all his property by will; aliunde, he in-

tended to die testate as to all of his said property, real, personal, and mixed.

It also clearly appears that he intended to make provisions for all of his children, contemplating that they would all survive him, and that none of his children should take a fee simple title in any portion of his real estate (except that mentioned in subdivision 7 of paragraph 7 of the will), but that each should take a life estate in certain specified portions thereof. In other words, the testator makes specific devises of a life interest in both realty and personalty to each of his children. To his daughter, Annie A. Reynolds, wife of Cheldon Reynolds, he devises a life interest in a tract of land comprising about 200 acres, situate in the township of Lehman, county of Luzerne. To his son, Benjamin F. Dorrance, he devises a life estate in the northeasterly one-half of a tract of land, containing about 103 acres, situate in Kingston. To his son, J. Ford Dorrance, he devises a life estate in the southwesterly one-half of said tract of land, containing about 103 acres, situate in Kingston aforesaid. To his sons, Benjamin F. and J. Ford, as tenants in common, he also devises life estates in a tract containing about 100 acres, bounded by the township lines of Plymouth and Jackson. To his son, Charles Dorrance, Jr., he devises a life estate in a tract of land situate in Kingston township, Luzerne county. To his son, John Dorrance, he devises a life estate in certain real estate situate in the state of Missouri.

Likewise, with reference to the personalty in Pennsylvania, he bequeaths a life interest as to one-fifth thereof to each of his children, Annie B. Reynolds, Benjamin F. Dorrance, J. Ford Dorrance, and Charles Dorrance, Jr.; to his son, Benjamin F. Dorrance, he bequeaths a life estate as to four equal twenty-fifth parts; and to his granddaughter, Stella, daughter of said John Dorrance, he gives a life estate in a one twenty-fifth part.

With reference to the personalty in the state of Missouri, testator likewise gives a life estate unto his son, John Dorrance; but in this provision, subdivision 6 of paragraph 7, he expressly excepts his granddaughter, Stella, from the class who are to take by way of remainder, both as to personalty and realty, and likewise, by the last clause of subdivision 7 of paragraph 7 of his will, he declares that the provisions made unto his granddaughter, Stella, by the first division of paragraph 7 of said will, shall be "in exclusion of any other interest or estate which she might otherwise be entitled to as heir, or as one of the children of her father, John Dorrance."

By subdivision 7 of paragraph 7 of said will, testator provides that all of his real estate not specifically devised as aforesaid shall be taken and held by the named trustee upon the said trusts as mentioned in the bequests of personalty contained in the first subdivision of paragraph 7, except that in this instance the testator's own children were evidently intended to take a fee; the provision being, "the division shall be among my five children, share and share alike." To each of the devises and bequests so made there was annexed a spendthrift trust, and therefore an active trust.

Manifesting an intent that each of his own children shall take life estates, and life estates only, in his property, except as noted, it is also

manifest that the testator intended that his grandchildren, his "children's children," should take in fee by way of remainder, provided any were living at the death of their parents, and that the "issue" of deceased grandchildren should likewise take in fee by way of remainder, upon the decease of their ancestor, testator's child, although such grandchildren of testator and issue of deceased grandchildren were not to become entitled to possession until the youngest grandchild in each class had attained his majority. In the meantime title was to remain in the named trustee, controlled by the provisions of the active spendthrift trusts. It is to be noted that in each and every instance the remainder, whether life estate or fee, is to vest only in those persons—children, grandchildren, or more remote issue—living at the death of the testator's respective children.

Thus it will be noticed, by reference to subdivision 5 of paragraph 7 of said will, that upon the death of Charles Dorrance, Jr., leaving children to survive him, the trustee is requested to convey his portion of the estate unto said children when the youngest child attains its majority. If any child of Charles Dorrance, Jr., shall predecease him, leaving surviving issue, then such living issue of such predeceased child are entitled to participate in the distribution of said portion of the testator's estate, "such issue taking always by representation." It is further provided, however, that in case of the death of the said Charles Dorrance, Jr., "without leaving him surviving any child or children, or the issue of deceased child or children," then such share is to be distributed unto testator's other living children and issue of deceased children, "such issue always taking by representation."

Testator's child or children take life estates only in the portion of the share devised unto them. The remainders in fee as to said share are to vest in the children of testator's "then living children and the issue of testator's deceased children, then living," "such issue taking always by representation," title to be held in trust, however, until the youngest child obtains majority, whereupon the trustee is to make conveyances. This being the general intent, purpose, and scheme of the will, the ultimate remainder in fee vests in any event whatsoever within a period of a life or lives in being and 21 years thereafter.

In each clause of the will devising an estate unto testator's several children it is provided that the child shall take a life estate; upon his death the remainder in fee is to vest in such child's living children and living issue of deceased children. But, if testator's child dies without leaving surviving child or issue, then such share is to go to testator's other living children and the issue of testator's deceased children; testator's children again taking life estates only, with remainders at their decease to their living children and living issue of deceased children. The living issue of a predeceased child of testator take their portion of the share in fee.

It may be true that the testator, in providing for the contingency of a son dying without surviving children or issue of deceased children, may not have expressed his intent as clearly as he might have done, yet it seems quite certain that he intended that the living issue of predeceased children should take a fee.

Let us again note the provision of the will:

"In case of the death of my said son without leaving him surviving any child or children, or the issue of any deceased child or children, then in trust for my other children, share and share alike, and the issue of any deceased child (such issue taking always by representation)."

Thus an estate is devised in equal shares unto each of testator's living children and unto the issue of a deceased child. But as to the estates devised unto his own children the testator makes the further provision:

"Said net rents, profits and income to be paid to my said children for and during their respective natural lives, and upon the death of any such child, his or her share of the same shall be paid to his or her child or children then living, and the issue of any deceased child then living (such issue taking always by representation)," etc.

Thus the testator seems to have endeavored to make equal distribution amongst his several children and their respective issue; but he carefully provides in each instance that his own children shall take life estates only, and he manifestly intended that other takers should take in fee. He expressly provides that, in the case of a child dying without children or issue, then such child's share shall be distributed share and share alike unto his other children and the issue of any deceased child, such issue taking always by representation. The estate in fee thus devised unto the issue of a predeceased child is not cut down by the subsequent provision:

"Said net rents, profits and income to be paid to my said children for and during their respective natural lives," etc.

This provision manifestly applies only to the estate devised unto testator's other children. They take life estates, and their living children, or issue of deceased children, take in fee thereby effecting equality of distribution.

The contention of plaintiff's counsel that, unless we construe the word "children" as meaning "issue" in the clause "said net rents," etc., last quoted, then neither the corpus nor the income could go to the issue of a predeceased child of the testator, cannot be sustained. The share or corpus of the child dying without issue has already been divided and distributed to the living issue of a predeceased child, as well as to living children. It is the net rents, profits and income of the portions divided and distributed to testator's living children which are to be paid to said children for and during their respective natural lives. Thus construed, the entire will is intelligible and the several clauses thereof nonrepugnant.

The general scheme of distribution designed by the testator being thus determined, we will note the extreme care displayed in avoiding a violation of the rule against perpetuities. It is provided that each and every of the remainders in fee shall vest at the death of some one of testator's children, a life in being. And it is further provided, with caution, that the several remaindermen shall enjoy possession within 21 years thereafter, the trustee retaining title meantime, "until the arrival at majority of such child [first taker's child], or, if more than one, of the youngest of such children," etc.

That the testator knew and intended to make the distinction between the words "child," "children," and "issue" is clearly ascertainable from a further consideration of the disputed clauses of the will. The testator is endeavoring to make equality of distribution. This would be presumed, even if it were not apparent. When a child of testator dies, his share of the estate descends, not only to his living children, but to living issue of deceased children (not living children of deceased children), however remote; and when such child of testator dies without leaving issue surviving him, then his share descends to testator's other living children for life, with remainder to their issue (not children only), and issue of testator's predeceased children; not only children of a predeceased child, but all living issue, take.

It thus clearly appears that, when the testator meant to designate issue, he used the word "issue" knowingly and with intent as further appears:

"Upon the death of my said son, then upon the same trusts for any child or children and the issue of any deceased child living at his death."

"In case of the death of my said son, without leaving him surviving any child or children, or the issue of any deceased child or children, then in trust for my other children, share and share alike, and the issue of any deceased child."

"Said net rents, profits and income to be paid to my said children for and during their respective natural lives, and upon the death of any such child his or her share of the same shall be paid to his or her child or children then living, and the issue of any deceased child then living."

This language is persuasive that, when the testator used the words "child" and "children," he intended to denote such in the ordinary acceptance of the term and not issue.

The question before us is somewhat narrowed by a concession of plaintiff's counsel (properly made, as we think) to the effect that, if the word "child" in the first line of the clause "and upon the death of any such child, his or her share shall be paid to his or her children then living, and the issue of any deceased child then living," etc., is to be literally construed, then the entire provision is valid, no matter how that word may be construed in any other part of the will.

It was said by the Supreme Court of this state in considering language similarly employed, in the case of McBride's Estate, 152 Pa. 192, 25 Atl. 513:

"Testator by will four years before his death gave to a trustee a fund for the use of three children of his son, John McBride, naming them, 'and such other children lawful issue which he may have, the said sum to accumulate until the youngest surviving of these children, shall have attained the age of twenty-one years.' Held, that the words 'the youngest surviving of these children' referred to the children of John named in the will and living at the time of its execution, and that the persons entitled to the fund at the time of distribution were the children of John or their issue living when the youngest survivor of the three children mentioned in the will attained the age of 21 years. Such a construction saves the will from transgressing the act of April 18, 1853 (P. L. 503), limiting the period of a trust for accumulation to 21 years after the death of the testator."

It is only by placing a forced and strained construction upon the passage in question, and importing thereto a meaning entirely inconsis-

tent with the general scheme of the testator for the distribution of his estate, that any warrant whatsoever is found for adopting the plaintiff's construction. The argument of her counsel, that if the words "child" and "children" are literally construed then "neither the corpus nor the income is ever to go to any issue of a child of the testator, if such child shall have died before the death of the son provided for," would be logical except for the fact that it is founded upon a false premise. It erroneously assumes that the testator, in saying "net rents, profits and income," referred to the rents, profits, and income of the whole share; whereas, it is clear that he simply referred to the portions that children, not issue, took. The argument ignores, or rather flatly contradicts, the immediately preceding passage plainly expressing an intent that the issue of testator's deceased children, as well as his living children, are to share the interest of a child dying without issue.

In construing this will we need not engage in a profitless dissertation of the rules and principles applicable to vested and contingent remainders, substitutionary remainders, concurrent contingent remainders of a double aspect, executory devises, and other mysteries of the law to which attention has been called. Nor will we take time to analyze and distinguish the various decisions cited by counsel. There is no conflict in the authorities applicable, whether by state or federal courts. If the words "child" and "children" as employed in the disputed passage are to be construed as meaning "issue," then under all the authorities the provisions are invalid as violating the rule against perpetuities. And if these provisions are invalid, the whole will is of none effect, for these provisions cannot be rejected or cast aside without destroying the whole structure of the will. And this is the essential point decided by the cases of Lawrence v. Smith, 163 Ill. 149, 45 N. E. 259, Reid v. Voorhees, 216 Ill. 236, 74 N. E. 804, 3 Ann. Cas. 946, Barret v. Barrett, 255 Ill. 332, and in Re Johnston's Estate, 185 Pa. 179, 39 Atl. 879, 64 Am. St. Rep. 621.

In all of these cases, as well as in Gerber's Estate, 196 Pa. 366, 46 Atl. 497, and Kountz's Estate, 213 Pa. 390, 62 Atl. 1103, 3 L. R. A. (N. S.) 639, 5 Ann. Cas. 427, likewise cited by plaintiff's counsel, it appears that the limitations were to take effect after the expiration of a life or lives in being and 21 years thereafter, and therefore the limitations were void as violative of the rule against perpetuities.

The case of Rosengarten v. Ashton, 228 Pa. 389, 77 Atl. 562, cited by defendant's counsel and relied upon by plaintiff's counsel, is not a ruling on the doctrine of perpetuities. In that case the testator made no direct or express bequest to his grandchildren, but provided that upon the death of his last child then the trustee should pay over and distribute the trust estate unto his grandchildren and the issue of such as might be dead, "such issue to take the share the parent would have taken if living at the time of the death of my last surviving child." It was held that the direction to pay or divide constituted the bequest, and that the vesting of the interest itself was postponed until the time appointed for distribution, and that, therefore, only such issue took as were living at that time.

In the case under consideration there is, however, a direct, express devise, upon the death of a child without issue, unto other children, grandchildren, and issue of deceased children; and the estates devised vest at the death of such child provided for. The shares devised to testator's children and the issue of deceased children, though to be held in trust, nevertheless vested in interest immediately, though enjoyment of possession was postponed until the youngest child (meaning grandchild) of its class should obtain majority. In this aspect the present case does not differ materially from In re Carstensen's Estate, 196 Pa. 325, 46 Atl. 495:

"The testatrix devised and bequeathed her entire estate to her executor, in trust to convert the same into money and pay the interest and income thereof to her husband during his life. The will then provides as follows: 'And from and after the decease of my said husband, I give, devise and bequeath the whole estate then remaining to my brothers and sisters; the child or children of any of my said brothers or sisters who may then be dead to take and receive the share that his or their parent would have taken if living.' Held, that the interest of the brothers and sisters was not contingent upon their surviving the life tenant, but that it vested at the death of the testatrix, subject to be defeated only by the legatee leaving children during the life tenancy of the first taker."

[2] Construing this will as we have done, we need not exercise, nor need we interpolate, and yet give effect to each and every clause of it. If there were any doubt or uncertainty as to the meaning applied to the terms and provisions construed, we would have the benefit of two cardinal principles of construction to aid us in resolving that doubt in favor of the conclusion reached. First, it is to be presumed that the terms were used in their plain, ordinary sense; and, second, we are to construe these terms as well as the whole will in such manner as to avoid creating an intestacy, if we can do so without doing violence to the language employed. "It is to be presumed that the testator * * * intended that which was efficacious rather than that which was not" (Sharpe's Estate, 16 Phila. 403); and "a restricted meaning cannot be given" to words used in a will "where the effect would be intestacy" (Stiver's Estate, 5 Pa. Co. Ct. R. 113), are expressions illustrative of these principles. Then, again, "in all cases where the meaning of an instrument is doubtful, courts will incline to a construction which prevents the application of the rules against perpetuities of the limitations contained therein." Siddall's Estate, 180 Pa. 127, 36 Atl. 570. While the cases cited are Pennsylvania decisions, yet we take it that they do not enunciate doctrines disputed in well-adjudged cases from other jurisdictions; and therefore it is unnecessary to question the contention of plaintiff's counsel that the Pennsylvania authorities are not controlling here. In this connection, however, we may allude to the case of Barber v. Pittsburg, Ft. Wayne & Chicago Railway Co., 166 U. S. 83, 17 Sup. Ct. 488, 41 L. Ed. 825, wherein it was held:

"When the construction of certain words in deeds or wills of real estate has become a settled rule of property in a state, that construction is to be followed by the courts of the United States in determining the title to land within the state, whether between the same or * * * other parties."

Following the conclusion that the limitations in the present will are not violative of the rule against perpetuities, and that the will as a whole is valid, the plaintiff's bill is dismissed, with costs to the defendant.