## Taylor's Estate.

*Robert J. Sterrett*, for exceptions; *Charles Hunsicker*, contra.

HENDERSON, J., June 25, 1928.—Little need be added to the clear and convincing opinion of the Auditing Judge.

The presumption is that a testator does not intend to violate the rule against perpetuities; and that presumption will operate to support a construction of a will which does not so offend: Siddall's Estate, 180 Pa. 127; James's Estate, 245 Pa. 118; Wickersham's Estate, 261 Pa. 121.

The argument in support of a violation of the rule, at least so far as the provision for the grandchildren is concerned, is based on the assumption that he did not give a life estate to the grandchildren, but gave them three different estates for years, and lasting throughout their lives, *i. e.*, support until they reach the age of twenty-one; the whole income from twenty-one to thirty; then a gift of one-half the principal, and income on the balance for life.

The trust during minority and then until they reach the age of thirty is one continuing trust, the conditions being modified when full age is reached. If a new trust were created when they respectively reached the age of thirty, and if that trust had been for a new party, then undoubtedly, as pointed out in the adjudication, it would have been bad as a violation of the rule against perpetuities.

The argument in support of a new trust at the age of thirty is based on the fact that, after giving the grandchildren one-half of the principal upon reaching that age, the will directs as follows: "and the remaining one-half part of his, her or their share of the principal and income of the said residue and remainder of my estate, I hereby give, devise and bequeath unto the said trustee in trust to pay the net income and profits thereof to" such grandchildren.

Has the testator, by again reciting the gift in trust, created a new trust? We think not. It is just as if he had said, "upon the further trust," &c. The elements of a trust are (1) the fund, (2) the parties, and (3) the terms thereof. The fund is the same and so are the parties; and the testator has moulded the terms to fit his conception of the necessities of minority, of the years from twenty-one to thirty, and of the years thereafter.

Had the fund been increased at the age of thirty, or new parties then introduced, a different question would have been presented.

The exceptions are dismissed and the adjudication is confirmed absolutely. GEST and VAN DUSEN, JJ., did not sit.