## Potter's Estate.


*Duane, Morris & Heckscher*, for petition.

*Mark Thatcher*, Assistant United States Attorney, contra.

HENDERSON, J., May 16, 1930.—This is a petition for review of adjudication filed Dec. 21, 1926, wherein it is stated that the share of William Potter passes under his will, which specifically exercised the power conferred upon him by the will of his father, in favor of his two children, Mrs. Wear and Mrs. Goodman, and his share was accordingly awarded to them in equal parts.

It is now alleged that this was an error of law, in that by the will of Thomas Potter this share devolved upon these two children, and as William Potter did not change the descent in exercising the power, it was a nullity and the award should have been made to these two children by virtue of the will of Thomas Potter.

While the same persons take under both wills, this petition for review is filed because, if the estate passes by virtue of the will of Thomas Potter, no Federal estate tax, it is alleged, will be laid on this fund, whereas if the fund passes under the appointment in the will of William Potter, it will be taxable, because the Federal estate tax act provides that in arriving at the gross estate of a decedent for Federal tax purposes there shall be included "any property passing under a general power of appointment exercised by the decedent."

It is true that we have no jurisdiction over questions of Federal taxation; nevertheless, our record should not be left in such shape as might embarrass parties in interest in having those questions properly determined.

This precise question of Federal taxation appears to have been decided in the Estate of Helen M. Grant *v.* Commissioner of Internal Revenue, Decision No. 4295, Docket No. 13,792. In that case the life estate was given in trust to a daughter, and upon her death she was given a general power of appointment, and in default thereof the estate passed to her issue by representation. The daughter attempted to exercise the power and to appoint to her two daughters in equal shares. The Federal Government contended that the property over which the daughter had a power of appointment passed in exercise of the power, and, hence, should be taken into account in computing the Federal estate tax. The parties who would take under either will were identical. The Board of Tax Appeals held that the property did not pass under the

daughter's exercise of the general power, and was, therefore, not subject to the Federal estate tax. It stated:

"The power of appointment was operative only to the extent of permitting the daughter to designate some person or institution, other than her issue, to receive the remainder. It is clear that, if no such designation or appointment were made, said issue was to receive the property under the will of Mary E. Wolcott. This would be true whether the failure to exercise the power of appointment were due to the daughter's dying intestate, or the designating of her issue as the persons to receive the remainder. The attempted exercise of the power did not affect the passing of the property in question under a general power of appointment."

We have, therefore, reached the conclusion that the petitioners are entitled to have this record amended, if their contention should be upheld.

This leads us to an examination of the error complained of. Do these petitioners take their share of their grandfather's estate by virtue of the provisions of his will or by virtue of the will of their father, William Potter?

The will of Thomas Potter provided as follows:

". . . and in default of any such last will and testament or writing in the nature thereof, I give, devise and bequeath one of said equal parts or shares of my estate to the heirs and legal representatives of each of my said children so dying intestate free and clear and discharged of and from all trusts and confidences whatsoever."

The will of William Potter provided:

"Tenth. Whereas in and by the last Will and Testament of my father, the late Thomas Potter, of the City of Philadelphia, there is given to, and conferred upon, me authority to direct, limit and appoint a portion of his estate, now, by virtue of the power and authority contained in the last Will and Testament of the said Thomas Potter, deceased, and thereby vested in me, I do, in exercise thereof, by this my last Will and Testament, give and appoint all the estate, real and personal, whatsoever, over and concerning which I have the power of appointment aforesaid, unto my two daughters, Adaline Potter Wear and Elizabeth Vanuxem Potter Goodman, share and share alike, absolutely and in fee simple."

Does the phrase "heirs and legal representatives" as used in the will of Thomas Potter mean the same persons as are designated in the appointment in the will of William Potter? If so, should we not say they take under the will of Thomas Potter?

The same phrase in another paragraph of this very will was interpreted by Judge Ashman, of this court, in the Estate of Thomas Potter, deceased, 13 Phila. 318, wherein he held that by "heirs and legal representatives" the testator intended to benefit the heirs and widow of a son who died in his lifetime.

Furthermore, our Supreme Court in Crolius v. Kramer, 279 Pa. 275, interpreted the instant clause in this very will, and held it to mean the widow and two children of Thomas Potter, Jr., who by his will had made an invalid appointment.

William Potter left no widow, hence this phrase must mean his two children, whom he has named as distributees, and none other. The mere fact that under the will of Thomas Potter, the widow, if one survived, would be within the phrase used in his will, does not alter the situation when no widow survived. It is similar to that which would exist if William Potter originally had four daughters, two of whom predeceased him, unmarried and without

issue. The two daughters who are before us would be the only distributees under both wills.

Under which will should the award be made? The rule is succinctly stated in 26 Ruling Case Law, 219, § 189:

"And it has been held that if the donee of the power exercises it in such a manner that the property passes exactly as it would have passed if the power had not been exercised, the property will be treated as passing under the will of the donor of the power."

The reason for the rule is clear. The will of Thomas Potter vested the remainder in the two children of William Potter, subject to his right by a general power to direct otherwise; he has not directed otherwise, hence the vesting under the earlier will has not been disturbed and the award should have been so made.

The principle involved is well illustrated In the Matter of Lansing, 182 N. Y. 238—the donee of the power appointed the property to the same person who would have taken in default of the exercise of the power. The Court of Appeals said:

"Her rights were fixed by the will of her grandfather, and, unless changed pursuant to its provisions, her estate in expectancy would become an estate in possession upon the death of her mother. While the situation was subject to change under the power of appointment, no change was made. Although the power was exercised in form, her title was perfect without it, and she derived no benefit from it. The power was to 'dispose of the remainder,' and the remainder was not disposed of, but continued where it was. The attempt to execute the power was not effective, because it did nothing. The exercise of the power which leaves everything as it was before is a mere form, with no substance."

In Freeman's Estate (No. 1), 35 Pa. Superior Ct. 185, our Superior Court said:

"The rule applies also to remainders: 'A remainder is always to be considered vested rather than contingent if the words of the will creating it are capable of construction:' Chew's Appeal, 37 Pa. 23; Siddall's Estate, 180 Pa. 127. The interest vests immediately and the enjoyment only is postponed. In the absence of an expressed contrary intention, a legacy bequeathed in default of appointment vests in the legatee on the death of the testator, subject to be divested by the exercise of the power of appointment: 4 Kent's Com., 324; Fearne on Remainders, 226; Perry on Trusts, § 250; Cunningningham v. Moody, 1 Vesey, Sr., 174. This is so because the power of appointment does not create an estate, nor hold it in abeyance. Its effect is to divest an estate which, but for the exercise of the power, would remain in the devisee or legatee. The will under consideration does not disclose an intention inconsistent with this principle. In the event of the death of any one of the children, his share was to go to the child or children of such deceased son or daughter, or to the issue of any child or children of such son or daughter, subject only to the exercise of the power of appointment. If there be no appointment, the whole interest passes to the grandchild or his issue. The full exercise of the power would divest the estate, but it could be defeated in no other way."

The respondent, the Collector of Internal Revenue, further contends that, in the absence of fraud, we have no power to modify or amend a decree of confirmation after the term when it was entered. This contention is without merit, as there are no terms in the Orphans' Court. See Kretzer v. Murry,

670

We have, therefore, reached the conclusion that William Potter's attempted exercise of the power was a nullity, and the award should have been made to these distributees under the will of Thomas Potter. The adjudication is amended accordingly, and, as amended, is confirmed absolutely.